ALEXANDER M. BROWN
Nevada Bar No. 11928
ATKINSON & WATKINS, LLP
10789 W. Twain Ave. Ste. 100
Las Vegas, NV 89135
Telephone:   702-562-6000
Facsimile:   702-562-6066
abrown@atkinsonwatkins.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY HERNANDEZ, an individual; and JOSE HERNANDEZ, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIED COLLECTION SERVICES, INC, a Nevada Corporation; MICHAEL L. FEENEY, an individual; DOE I, also known as CHASTITY, an individual; and DOES II-X;<br><br>Defendants. | CASE NO.: |

## **COMPLAINT**

### 15 U.S.C. 1692, ET. SEQ.

COME NOW, Plaintiffs, TAMMY HERNANDEZ and JOSE HERNANDEZ ("Plaintiffs"), by and through their attorneys, ATKINSON & WATKINS, LLP, and hereby complain and allege against Defendants, ALLIED COLLECTION SERVICES, INC, MICHAEL L. FEENEY, and DOES I-X (collectively, "Defendants") as follows:

### **JURY TRIAL DEMAND**

1.   Plaintiffs demand a jury trial.


## JURISDICTION AND VENUE

2. Plaintiffs brings this action under the Fair Debt Collection Practices Act, Title 15 U.S.C. § 1692, et. seq.

3. The jurisdiction of this Court is pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b. 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over related state law claims.

4. Venue is pursuant to 28 U.S.C. § 1391(b)(2), (c) and (d). Venue is proper in the District of Nevada because the events that gave rise to this Complaint took place in this district.

## PARTIES

5. Plaintiff, TAMMY HERNANDEZ, is an individual, citizen of the United States and resident of Clark County, Nevada, which is in this judicial district.

6. Plaintiff, JOSE HERNANDEZ, is an individual, citizen of the United Stated, and resident of Clark County, Nevada, which is in this judicial district.

7. Upon information and belief, Defendant ALLIED COLLECTION SERVICES, INC. is a privately held corporation incorporated in Las Vegas, NV under the laws of the state of Nevada.

8. Upon information and belief, Defendant MICHAEL L. FEENEY is the owner, CEO, President, Treasurer, Director, and Secretary of Defendant ALLIED COLLECTION SERVICES, INC.

9. Upon information and belief, Defendant CHASTITY, as DOE I, is an individual, resident of Las Vegas, NV, and an employee or manager of Defendant ALLIED COLLECTION SERVICES, INC.

10. ADRIAN GONZALES, not personally named as a defendant, is an individual, resident of Las Vegas, NV, and an employee of Defendant ALLIED COLLECTION SERVICES, INC.

11. The true names and capacities, whether individual, corporate, associate or

otherwise, of Defendants DOES I-X, inclusive, are unknown to Plaintiff at this time, and therefore, Plaintiffs sue these Defendants by such fictitious names. Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously named defendants are responsible in some manner for the events herein referred to and caused damages proximately thereby to Plaintiffs as alleged herein.

12. In performing each of the acts or omission herein alleged, Defendants were each the agents, employees, representative, and/or servants of the others and were acting within the scope and course of such relationship.

## GENERAL ALLEGATIONS

13. Plaintiffs incorporate by reference paragraphs 1 through 12 above as though fully set forth herein.

14. Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1601 et. seq., and in particular, 15 U.S.C. 16921(6).

15. Defendants are "collection agencies" or "collection agents" within the meaning of Nevada Revised Statute 649.020 and 649.025 respectively.

16. Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1601 et. seq., and in particular, 15 U.S.C. 16921(3).

17. On or about April 10, 2014, Plaintiff TAMMY HERNANDEZ received a telephone call at telephone number (702) 545-5416 from Defendant ALLIED COLLECTION SERVICES, INC. informing her that an account had been placed with them for collection and that she was responsible for the account.

18. Plaintiff requested information regarding the account and was told that it was a medical bill for approximately $400.00.

19. Plaintiff informed Defendant ALLIED COLLECTION SERVICES, INC., that she needed time to research the debt and to speak with her husband, JOSE HERNANDEZ regarding the debt.

20. On or about April 10, 2014, Plaintiff JOSE HERNANDEZ received a telephone call on his work cellular telephone, number (702) 883-2332 from Defendant ALLIED

1  COLLECTION SERVICES, INC. regarding the medical debt in question.

2  **21.** Plaintiff informed Defendant that he was working, did not have time to talk to
3  them, and could not receive debt collection calls while at work.

4  **22.** Between April 10, 2014 and May 8, 2014, Plaintiffs received numerous calls from
5  Defendant ALLIED COLLECTION SERVICES, INC. at telephone numbers (702) 545-5416 and
6  (702) 883-2332 regarding the medical debt in question, specifically:

   a. On April 14, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 to discuss the medical debt in question.

   b. On April 15, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 and hung up.

   c. On April 16, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 and hung up.

   d. On April 18, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 to discuss the medical debt in question.

   e. On April 21, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 to discuss the medical debt in question.

   f. On April 24, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 to discuss the medical debt in question.

   g. On April 25, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 three times to discuss the medical debt in question.

   h. On April 25, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiff JOSE HERNANDEZ at telephone number (702) 883-2332 to discuss the medical debt in question despite being previously told that he could not accept

debt collection calls at work.

    i. On April 28, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416

    j. On April 30, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 to discuss the medical debt in question.

    k. On May 5, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiffs at telephone number (702) 545-5416 to discuss the medical debt in question.

    l. On May 6, 2014 Defendant ALLIED COLLECTION SERVICES, INC called Plaintiff JOSE HERNANDEZ at telephone number (702) 883-2332 three times despite being previously told that he could not accept debt collection calls while at work.

**23.** The preceding list is not exhaustive. Plaintiffs received additional calls at the listed numbers at times when they were unable to note the calls or were unable to answer the phone.

**24.** On or about April 29, 2014, ADRIAN GONZALES, as a representative for Defendant ALLIED COLLECTION SERVICES, INC., called Plaintiff TAMMY HERNANDEZ at telephone number (702) 545-5416.

**25.** During that phone call, Defendant informed Plaintiff that she could settle the medical debt in question for $175.00 at $25.00 per week until the debt was paid.

**26.** Defendant told Plaintiff that in order to take advantage of the offer, she would need to come to Defendant ALLIED COLLECTION SERVICES, INC's office to sign a notarized document.

**27.** Plaintiff informed Defendant that she is sick with Rheumatoid Arthritis and Lupus and could not come to their office to sign any document.

**28.** On or about April 29, 2014, Plaintiff received another call from Defendant ALLIED COLLECTION SERVICES, INC. at telephone number (702) 545-5416 during which

Defendant informed Plaintiff that the balance due on her account was approximately $1350.00.

**29.** Plaintiff inquired as to why the balance had grown and Defendant informed her that they had other bills that were with their office for collection from 2008.

**30.** Plaintiffs filed for Chapter 7 bankruptcy on 03/24/2010. Defendant ALLIED COLLECTION SERVICES, INC. was listed as a creditor in Plaintiffs' bankruptcy case.

**31.** On or about April 29 or April 30, 2014, Plaintiff TAMMY HERNANDEZ received a call from ADRIAN GONZALES, as a representative of Defendant ALLIED COLLECTION SERVICES, INC. again informing her that she could settle the medical debt in question for $175.00 at $25.00 per week, but that the offer would only be good through that day and in order to take advantage of said offer, Plaintiff would need to personally come to Defendant ALLIED COLLECTION SERVICES, INC.'s office to sign a notarized document.

**32.** Plaintiff informed Defendant that she would not be able to make it to the office to sign any notarized document.

**33.** After Plaintiff stated she could not come to the office, Defendant DOE I, aka CHASTITY, took over the call. Defendant DOE I identified herself as CHASTITY, stated that she was the manager of Defendant ALLIED COLLECTION SERVICES, INC., that she does not mess around, and that Plaintiff needed to come to the office within 45 minutes to sign a notarized document and pay $400.00 to resolve the debt.

**34.** Plaintiff inquired as to why ADRIAN GONZALES stated that the amount would be $175.00 but now Defendant DOE I was stating $400.00. Defendant DOE I informed Plaintiff that ADRIAN GONZALES was incompetent and he was not authorized to make such a deal with Plaintiff.

**35.** Plaintiff informed Defendant DOE I that she was sick with Rheumatoid Arthritis and Lupus and was not able to make it to Defendant ALLIED COLLECTION SERVICES, INC.'s office within 45 minutes.

**36.** Defendant DOE I informed Plaintiff that if she didn't "get her sickly ass down there within 45 minutes," Henderson Police Department would be at Plaintiff's door to arrest Plaintiff because "the State of Nevada does not take kindly to people who don't pay their medical

bills."

**37.** Plaintiff informed Defendant DOE I that she could not possible be there in 45 minutes as she had not even gotten out of bed at the time of the phone call. Defendant DOE I informed Plaintiff that she better because her "freedom is limited" because Defendant DOE I was in the process of having an arrest warrant issued for Plaintiff.

**38.** Additionally, Defendant DOE I informed Plaintiff that every day she did not pay the bill, additional interest and charges were being added to the balance and the balance was now "over $1000.00."

**39.** Plaintiff ended the phone call and was not able to make it to Defendant ALLIED COLLECTION SERVICES, INC's office that day.

**40.** Plaintiff suffered severe emotional distress thinking that Henderson Police were going to arrest her due to her inability to make it to Defendant's office to sign a notarized document.

**41.** Plaintiff suffered severe emotional distress as a result of Defendant ALLIED COLLECTION SERVICES, INC.'s addition of her pre-bankruptcy debt to her balance. Plaintiff worried whether her bankruptcy discharge was effective.

**42.** Defendants made several more attempts to call Plaintiff to collect the medical debt in question.

**43.** Finally, on May 8, 2014, Plaintiff informed Defendants that she had retained an attorney and that she was not going to discuss the matter with them any further.

**44.** Upon information and belief, all of the above acts were done at the direction and under the training and supervision of Defendant MICHAEL L. FEENEY.

## COUNTS

### Count 1

### Violation of 15 U.S.C. 1692c(a)(3)

**45.** Plaintiffs incorporate by reference paragraphs 1 through 44 above as though fully set forth herein.

**46.** This count is for multiple violations of 15 U.S.C. 1692c(a)(3).

**47.** 15 U.S.C. 1692c(a)(3) states in pertinent part:
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> . . .
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

**48.** Defendant ALLIED COLLECTION SERVICES, INC. was informed by Plaintiff JOSE HERNANDEZ that he was not able to receive calls relating to debt collection while at work.

**49.** Defendant ALLIED COLLECTION SERVICES, INC. violated 15 U.S.C. 1692c(a)(3) on numerous occasions by telephoning Plaintiff JOSE HERNANDEZ at work after receiving notice that Plaintiff could not receive debt collection calls at work.

**50.** Wherefore, Plaintiffs demand

    a. Actual damages for Emotional Distress pursuant to 15 U.S.C. 1692k(a)(1).

    b. Statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A).

    c. Fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

### Count 2

### Violation of 15 U.S.C. 1692d(5)

**51.** Plaintiffs incorporate by reference paragraphs 1 through 50 above as though fully set forth herein.

**52.** This count is for violation of 15 U.S.C. 1692d(5)

**53.** 15 U.S.C. 1692d(5) states in pertinent part:
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**54.** Defendant ALLIED COLLECTION SERVICES, INC. violated 15 U.S.C. 1692d(5) when it continually called Plaintiffs and hung up on them.

**55.** Defendant ALLIED COLLECTION SERVICES, INC. repeated calls to Plaintiff were done with intent to annoy, abuse, or harass Plaintiffs and their family.

56. Wherefore, Plaintiffs demand

    a. Actual damages for Emotional Distress pursuant to 15 U.S.C. 1692k(a)(1).

    b. Statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A).

    c. Fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

    d. Such other and further relief as this Court deems just and proper.

## Count 3

### Violation of 15 U.S.C. 1692e(4)

57. Plaintiffs incorporate by reference paragraphs 1 through 56 above as though fully set forth herein.

58. This count is for violation of 15 U.S.C. 1692e(4)

59. 15 U.S.C. 1692e(4) states in pertinent part:
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

60. Defendant DOE I as a representative of Defendant ALLIED COLLECTION SERVICES, INC., violated 15 U.S.C. 1692e(4) when she told Plaintiff that she was in the process of securing an arrest warrant for Plaintiff, when she told Plaintiff that Henderson Police Department would be at her door, and When she told Plaintiff that her freedom was limited.

61. Wherefore, Plaintiffs demand

    a. Actual damages for Emotional Distress pursuant to 15 U.S.C. 1692k(a)(1).

    b. Statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A).

    c. Fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

    d. Such other and further relief as this Court deems just and proper.

## Count 4

### Violation of 15 U.S.C. 1692e(5)

62. Plaintiffs incorporate by reference paragraphs 1 through 61 above as though fully set forth herein.

63. 15 U.S.C. 1692e(5) states in pertinent part:
   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
   (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

64. Defendant ALLIED COLLECTION SERVICES, INC., violated 15 U.S.C. 1692e(5) when it told Plaintiffs that pre-bankruptcy debts were added to the total balance she owed to Defendant.

65. Nevada Revised Statute 649.375 provides that a collection agency shall not:
   2. Collect or attempt to collect any interest, charge, fee or expense incidental to the principal obligation unless:
   (a) Any such interest, charge, fee or expense as authorized by law or as agreed to by the parties has been added to the principal of the debt by the creditor before receipt of the item of collection;
   (b) Any such interest, charge, fee or expense as authorized by law or as agreed to by the parties has been added to the principal of the debt by the collection agency and described as such in the first written communication with the debtor; or
   (c) The interest, charge, fee or expense has been judicially determined as proper and legally due from and chargeable against the debtor.

66. Defendant ALLIED COLLECTION SERVICES, INC violated 15 U.S.C. 1692e(5) when it told Plaintiff that every day she didn't come into the office, interest and other charges were being added to the balance she owed to Defendant. Pursuant to Nevada Law, as stated above, the addition of interest and other charges by the collection agency is prohibited.

67. Wherefore, Plaintiffs demand

   a. Actual damages for Emotional Distress pursuant to 15 U.S.C. 1692k(a)(1).

   b. Statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A).

   c. Fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

   d. Such other and further relief as this Court deems just and proper.

## Count 5

### Intentional Infliction of Emotional Distress

68. Plaintiffs incorporate by reference paragraphs 1 through 67 above as though fully set forth herein.

69. Defendants, and each of them, engaged in extreme and outrageous conduct with the intention of, or reckless disregard for, causing emotional distress by:

   a. Continually calling Plaintiffs and their family in violation of 15 U.S.C. 1692 et. seq.

   b. Threatening to have Plaintiff TAMMY HERNANDEZ arrested in violation of 15 U.S.C. 1692e(4).

   c. Adding interest and collection charges to the balance due in violation of 15 U.S.C. 1692e(5) and NRS 649.375.

   d. Addition of pre-bankruptcy debts to the balance due in violation of 15 U.S.C. 1692e(5) and Title 11 U.S.C. 524.

70. Defendant ALLIED COLLECTION SERVICES, INC's actions were done with the intent to annoy, abuse, harass, intimidate, and cause emotional distress to Plaintiffs so that Plaintiffs would pay a medical debt.

71. Wherefore, Plaintiffs demand:

   a. Actual damages for Emotional Distress.

   b. Punitive damages pursuant to NRS 42.005.

   c. Attorney fees and costs.

   d. Such other and further relief as this Court deems just and proper.

DATED this 13th day of May, 2014.        ATKINSON & WATKINS, LLP

Alexander M. Brown
Nevada Bar No. 11928
10789 W. Twain Ave., Suite 100
Las Vegas, NV 89135
*Attorney for Plaintiff*